UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JULIAN GARCIA, TDCJ #01182237, § § § Petitioner, § VS. § § LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, § § § § § Respondent. § | CIVIL ACTION NO. 3:16-CV-102 |

## ORDER OF TRANSFER

The petitioner, Julian Garcia (TDCJ #01182237), is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Garcia has filed a petition for a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254. For the reasons set out briefly below, however, the Court concludes that a transfer is warranted.

Public records and Garcia's petition indicate that Garcia was convicted of indecency with a child in 2003 (Dkt. 1 at pp. 2–3). The conviction was entered against him in El Paso County, Texas (Dkt. 1 at p. 2). According to the TDCJ website, Garcia is confined at the Darrington Unit, which is located in Brazoria County, Texas.

Because Garcia is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *Wadsworth v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000).

Brazoria County, where Garcia is presently confined, is located here in the Southern District of Texas, Galveston Division—*see* 28 U.S.C. § 124(b)(1)—but the inquiry does not necessarily end there because El Paso County, where the challenged state court conviction was actually entered, is located in the Western District of Texas, El Paso Division. *See* 28 U.S.C. § 124(d)(3). In other words, although Garcia is currently incarcerated in this division, the conviction that he challenges has no ties to it. Under these circumstances, a transfer is appropriate. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970).

The federal habeas corpus statutes provide that a district court for the district in which an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is generally the policy of the Southern District of Texas to transfer habeas corpus petitions filed by state

prisoners to the division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985. Because the state court conviction at issue in this case was entered in the Western District of Texas, El Paso Division, the petition will be transferred to that venue in compliance with Southern District policy. The Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Western District of Texas, El Paso Division, and to terminate all pending motions.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on August 14, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE